UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| KAREN BOVE, | ) |
| Plaintiff, | ) Civil Action No. 6: 09-108-DCR |
| V. | ) |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) **MEMORANDUM ORDER** |
| Defendant. | ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of the motion for attorney's fees and costs filed by Plaintiff Karen Bove. [Record No. 17]  More specifically, Bove seeks payment for 11 hours at a rate of $125.00 per hour, together with expenses of $36.60 for a total of $1,411.60.

The Equal Access to Justice Act ("EAJA") "departs from the general rule that each party to a lawsuit pays his or her own legal fees."  *Howard v. Barnhart*, 376 F.3d 551 (6th Cir. 2004) (citing *Scarborough v. Principi*, 541 U.S. 401 (2004)).  The Act requires the payment of fees and expenses to the prevailing party in an action against the United States, unless the position of the United States was substantially justified.  28 U.S.C. § 2412(d)(1)(A).  In particular, the Act provides, in relevant part, that:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that

> the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

> With respect to establishing reasonable attorney's fees, the EAJA provides that:

> The amount of fees awarded under [28 U.S.C. § 2412(d)] shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A). The EAJA establishes a ceiling for attorneys' fees of $125 per hour, which may be adjusted for cost of living increases or a "special factor." *See e.g., Chipman v. Sec'y of Health and Human Servs.*, 781 F.2d 545 (6th Cir. 1986) (noting that the statutory ceiling under the EAJA was $75 per hour).[1]

In determining the appropriate hourly rate to be used in calculating attorneys' fees under the EAJA, the Court must initially determine the prevailing market rate for the kind and quality of services furnished. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The prevailing market rate is the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895-96 n.11 (1984). In determining the market rate, courts are required to examine standard fees in the relevant community. *Id*. at 895; *see also Hudson v. Reno*, 130 F.3d 1193, 1208 (6th Cir. 1997).

The undersigned recently determined that the prevailing market rate for competent representation in social security cases in the Eastern District of Kentucky is 125.00 per hour.

---

[1] In 1996, Section 2412(d)(2)(A) was amended to provide that statutory cap on attorney's fees under the EAJA is $125 per hour. *See e.g., Caremore, Inc. v. N.L.R.B.*, 150 F.3d 628 (6th Cir. 1998).

Further, the affidavit filed in support of the motion for attorney fees and costs indicates that the time billed is not excessive.[2]  The Court also notes that, on November 2, 2009, the Defendant filed a response indicating that he does not oppose the relief requested. [Record No. 18]

Accordingly, it is hereby

**ORDERED** that the Plaintiff's motion for attorney fees of $1,375.00 pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) [Record No. 17] is **GRANTED**.  The Plaintiff's motion for expenses of $36.60 [Record No. 17] is also **GRANTED**.

This 3rd day of October, 2009.



Signed By:
Danny C. Reeves  DCR
United States District Judge

---

[2]    The Court notes, however, that the time entry for October 6, 2009, indicates that .2 hours was billed for "Review of United States District Senior Judge, G. Wix Unthank Judgment, Order and Memorandum." The referenced pleadings entered on October 6, 2009, by the undersigned (not Senior Judge Unthank) was a two page Order and one page Judgment which remanded the matter based on the Plaintiff's failure to object to the Defendant's request for remand.  *See* Record No. 17, attached Exhibit "A" and Record Nos. 15 and 16.